ESTATE of James BONIFACE III, by Darlene Boniface, Administrator & Darlene Boniface, Individually v. Stephen LIMOGES

[687 A.2d 889]

No. 95-663

October 15, 1996. Plaintiff Darlene

Boniface, individually and in her capacity as administrator of her son's estate, appeals from a superior court decision granting partial summary judgment in favor of defendants. The case comes before the Court prior to entry of final judgment pursuant to V.R.A.P. 5(a). The parties have agreed to settle the case based on our decision. The question before the Court is as follows:

> Whether a single "each person" limit of liability under automobile policy TFO-12104155, as potentially modified by the policy's out-of-state endorsement and 23 V.S.A. section 801, applies to all of plaintiffs' claims against defendant collectively, or whether separate "each person" limits .of liability apply to (i) the estate's claim and (ii) Darlene Boniface's individual loss-of-consortium claim.

We conclude that the "each person" limit applies to all of plaintiffs' claims collectively, and consequently affirm.

Plaintiff's son was killed in an automobile accident in 1991. The car was driven by defendant Stephen Limoges, a New Hampshire resident, who was insured by intervenor Maryland Casualty Company. The policy limited liability for bodily injury to $50,000 for each person and $100,000 for each occurrence, and further noted that "[t]he limit of bodily injury liability . . . as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person." Because of his prior New Hampshire conviction for driving under the influence, however, Limoges' policy contained an out-of-state endorsement that potentially expanded Maryland Casualty's liability. Under the endorsement, if Limoges operated a motor vehicle in another state where he was required to maintain insurance at a level greater than that provided by the policy, "the limits of the company's liability and the kinds of coverage afforded by the policy shall be as set forth in such law, in lieu of the insurance otherwise provided by the policy."

Maryland Casualty is willing to pay $50,000, the "each person" limit under the policy, to satisfy all of the claims arising out of the death of plaintiff's son, including plaintiff's individual claim and the claim made by the son's estate. Plaintiff agrees that under the policy language any compensation for her injury must be included within the $50,000 limit. Plaintiff argues, however, that the out-of-state endorsement in the policy requires reference to Vermont's financial responsibility laws. See 23 V.S.A. §§ 800-810. Because of his prior DUI conviction, Limoges was required by 23 V.S.A. § 801(a) to have "proof of financial responsibility to satisfy any claim for damages, by reason of personal injury to or the death of any person, of at least $20,000.00 for one person and $40,000.00 for two or more persons killed or injured . . . in any one accident."

According to plaintiff, the use of the term "personal injury" in § 801, rather than the narrower "bodily injury" used in the policy, requires Maryland Casualty to consider her claim separately from that of her son's estate. "Personal injury," she argues, includes claims for loss of services and consortium that result from a bodily injury to another person, while "bodily injury" does not. Following this reasoning, § 801 would require Maryland Casualty to expand the "kinds of coverage" provided to include plaintiff's separate claim for loss of consortium. Should plaintiff prevail, Maryland Casualty would pay her an additional $10,000, the amount left over under the $100,000 limit after the company pays $50,000 to plaintiff's son's estate and $40,000 to a third passenger injured in the accident.

Plaintiff's argument fails on two grounds. First, regardless of the meaning

of "personal injury," the use of that term in § 801 does not require Maryland Casualty in this case to expand the "kinds of coverage" provided. The policy as written does provide coverage for her loss of consortium claim. Although the policy uses the term "bodily injury," that term is specifically defined to include "damages for care and loss of services." Despite plaintiff's assertion, Maryland Casualty has not refused to make any payment to redress her personal injury; rather, the company has refused to pay more than the $50,000 "each person" limit in compensation for all damages arising out of the death of plaintiff's son.

Second, plaintiff's interpretation of § 801 as requiring Maryland Casualty to consider her as a separate injured person is not persuasive. The statute requires minimum coverage "of at least $20,000.00 for one person and $40,000.00 for two or more persons killed or injured . . . in any one accident." 23 V.S.A. § 801(a). That language is most plausibly interpreted to require at least $20,000 in coverage for losses resulting from one person's death or injury in an auto accident. We do not read this minimum coverage provision to require plaintiff, who suffered a derivative injury of loss of consortium, to be treated as a separate "person[] killed or injured in [the] accident." In fact, we see nothing in § 801(a) that prohibits an insurance company from doing what Maryland Casualty did in this policy: explicitly including claims for loss of care or services within a single-person limit of liability. The policy exceeds the minimum coverage required by § 801(a), and provides coverage for both plaintiff's individual claim and the claim of her son's estate. Plaintiff's attempt to use § 801(a) to rewrite other terms of the policy is therefore unavailing.

*Affirmed.*